UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                                   Case No. 20-CR-223

BREANNA E. PIESCHEL,

      Defendant.

---

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

On January 22, 2021, Defendant Breanna E. Pieschel pleaded guilty to one-count of conspiring to distribute methamphetamine, contrary to 21 U.S.C. §§ 846 and 841(b)(1)(B). The charge grew out of an investigation of drug trafficking by the Manitowoc County Metro Drug Unit. On June 25, 2020, a confidential informant (CI) arranged to purchase a small amount of heroin from Ms. Pieschel at the residence she shared with co-defendant Malichi Hetzer. The transaction, which was audio-recorded, resulted in the purchase of .69 of a gram of "heroin," which upon testing turned out to be Oxycodone and Fentanyl, and a clean needle. Based on this transaction, the investigators were able to obtain a warrant to attach a GPS unit to the 2015 Lincoln MKC that Ms. Pieschel and Mr. Hetzer drove and began monitoring their travel between Manitowoc and Milwaukee, where they were purchasing controlled substances.

A traffic stop was conducted on their vehicle on their return to Manitowoc County on October 13, 2020, after they were surveilled on one of their Milwaukee trips. A search of the car resulted in the seizure of 70 unused hypodermic needles in the original packaging, 15 1 ml bottles of Naxolone (Narcan), a digital scale, a taser, some counterfeit currency, and various other items of drug paraphernalia indicative of intravenous drug use. Ms. Pieschel had a methamphetamine

pipe concealed in her bra but denied the presence of any other contraband concealed on her person. A a more thorough search was conducted at the jail, however, after a body scan revealed an "abnormality" in her groin area. That search revealed a hypodermic syringe package of drugs hidden in her underwear, including 31.27 grams of almost pure methamphetamine, 3.88 grams of a methamphetamine and Fentanyl mixture, 5.01 grams of Fentanyl, and 1.99 grams of heroin. During post arrest interviews, Ms. Pieschel and Mr. Hetzer admitted that they had been traveling to Milwaukee every other day for several months to buy drugs from a source and then distributing small amounts of heroin and methamphetamine to individuals in the Manitowoc area, while keeping a portion for their own use.

Ms. Pieschel and Mr. Hetzer were indicted on the conspiracy charge that carried a mandatory minimum sentence of 5 years and a maximum of 40 years. Both entered into Plea Agreements under which the government agreed to recommend the mandatory minimum sentence of 5 years. Pieschel, who was 32 years old at the time of sentencing, was in criminal history category of V with prior convictions beginning at age 18 for Burglary, Delivery of Heroin, Felony Bail Jumping, Operating While Intoxicated First and Second, Failing to Report to Jail, Possession of THC (2nd +). Her guideline range was 84 months to 108 months. Probation recommended a sentence of 70 months, noting:

> The current offense will not represent Ms. Pieschel's first foray into the prison system. In 2013, she was sentenced to concurrent terms of 30 months and 40 months following revocations of supervisions imposed for previous burglary and drug distribution cases. The present offense represents her sixth drug related conviction, which includes two OWI convictions for being under the influence of controlled substances. Given her continued conduct despite previous interventions, we believe a sentence in excess of the mandatory minimum but below the guideline range is warranted. We believe such a sentence adequately addresses the aforementioned §3553 factors without depreciatively diminishing the overall nature of the defendant's continued conduct.

Dkt. No. 27 at 2.

2

On April 26, 2021, the court sentenced Ms. Pieschel to 60 months imprisonment, to be followed by 4 years of supervised release. Ms. Pieschel filed an appeal, which was dismissed by the Seventh Circuit Court of Appeals after her counsel on appeal asserted the appeal was frivolous and moved to withdraw. Currently Ms. Pieschel is serving her sentence at the Federal Correctional Center in Danbury, Connecticut with a scheduled release date of January 12, 2026 and a home detention eligibility date of December 13, 2025.

On June 30, 2023, Ms. Pieschel filed a "Motion For Order Pursuant to 18 U.S.C. § 3582(c)(1)(A) Granting Compassionate Release and Sentencing Modification to Allow Remainder Of Sentence to be Served on Supervised Release," as well as two separate "supplements" to her motion. She argues that a host of medical conditions place her at substantial risk of severe disease and death given the Bureau of Prisons' failure to provide adequate care. She also claims her children are in need of her care. Because she presents no danger to the public, she contends that these conditions together amount to the extraordinary and compelling factors needed to justify her immediate release.

The government and U.S. Probation filed responses recommending denial of the motion for release, and on September 7, 2023, Ms. Pieschel filed a reply brief which again included further support. Because Ms. Pischel's reply indicated that her condition "worsened since the filing of [the] defense and government briefs" and her counsel indicated she secured new medical records, the court again allowed the Government and Probation 21 days to review the additional support and indicate whether the new information would alter their earlier responses. The Government filed an additional response and the matter is now fully briefed. For the following reasons, Ms. Pieschel's motion is denied.

Ms. Pieschel's argument for immediate compassionate release is unconvincing. Her medical condition is being properly monitored and treated in the prison setting. Her primary

3

physical complaint appears to be over her cardiac condition. As Probation notes in its response to Ms. Pieschel's motion, among the issues referenced in both the Presentence Report and her motion are her documented past, and concern for present, cardiac issues. Prison medical records show her complaints are being fully addressed. According to Probation's summary of those records:

> the defendant has presented to Health Services on multiple occasions complaining of recurrent chest pain. Beginning in September 2022, while housed at FMC-Carswell, located in Fort Worth, Texas, the defendant was referred to the University of North Texas Health Science Center for consultation of a possible mitral valve prolapse. Over the ensuing four months, Ms. Pieschel submitted to multiple electrocardiograms, completed an exercise nuclear stress test, and wore a Holter monitor for 48 hours; all of which were assessed to be "entirely normal". During her most recent examination on June 25, 2023, Ms. Pieschel presented with a pulse rate of 66, a respiration rate of 16, an oxygen level of 99%, and a blood pressure of 124/58.

Dkt. No. 57 at 2–3.

Since her motion was filed, Ms. Pieschel has continued to complain about cardiac issues, but medical personnel have noted no abnormalities to account for her complaints. In August alone, she had been sent by FCI-Danbury medical staff to the local hospital twice for chest pain and both times discharged back to the institution with the diagnosis of non-specific chest pain. Even though the previous testing conducted at the North Texas Health Science Center in Fort Worth was "entirely normal," Danbury medical staff has arranged for a consult to have Ms. Pieschel evaluated by an outside cardiologist. Dkt. No. 64-1. As her own Manitowoc family practice physician acknowledges that, historically, Ms. Pieschel has had chest pain complaints for many years and work-ups have failed to show a cardiac cause. Dkt. No. 53-1. Given the lengthy history of her complaints recited in the Presentence Investigation Report (PSI), Dkt. No. 26 ¶¶ 63–67, there is no reason to believe that her release would benefit her medically, especially if she returned to the same lifestyle she was living prior to her incarceration.

4

Ms. Pieschel's argument that the needs of her children require her release is also unconvincing. At the time of sentencing in April 2021, Ms. Pieschel's sons, then ages 11 and 12, had been living with her older sister since 2013. Dkt. No. 26 ¶ 61. After her arrest and while this case was pending, Ms. Pieschel became pregnant with a child who was born shortly before she began serving her sentence. That child, now one year old, is also being cared for by her sister. Although her sister remains devoted to Ms. Pieschel's children, Ms. Pieschel contends that her sister "has experienced degradation of her health due to the overwhelming level of care required by the three minor children," the older two of whom have Attention Deficit Hyperactivity Disorder and one of whom also has Oppositional Defiant Disorder. Dkt. No. 53 at 11. Her sister, who has recently experienced two seizures and is taking anti-seizure medication, is currently living with Ms. Pieschel's parents in their spacious home in Manitowoc. Dkt. No. 53-2 at 31. Her parents, now in their seventies and suffering from their own health problems, "are overwhelmed by caretaking responsibilities for their three active grandchildren." Dkt. No. 53 at 12.

Ms. Pieschel's argument that her release is necessary for extraordinary and compelling reasons, of course, rests on the assumption that she will not return to drug use and will take on the responsibilities of parenthood, something she has not done in the past. From the time she was eighteen-years-old, Ms. Pieschel has continued to use drugs, stopping only during those times when she was either in custody or awaiting sentencing. She has had a deferred prosecution agreement or probation revoked all three times she was placed in such a position. Even in this case, she continued to use drugs after she was granted voluntary surrender and a delayed reporting date to begin serving her sentence due to her high-risk pregnancy. As noted by Probation in an August 10, 2021 Release Status Report, "within days of Ms. Pieschel's sentencing, her intensive outpatient alcohol and other drug abuse (AODA) counselor reported concerns about Ms. Pieschel's sobriety based on her behavior in group." Dkt. No. 46 at 2. Because of those concerns, Ms.

5

Pieschel was required to submit to a drug test and that test was returned positive for Alprazolam and Alpha-Hydroxyalprazolam (not prescribed). Probation received this drug test confirmation well into the month of May, by which time Ms. Pieschel, had enrolled in Subutex treatment through her physician's referral and her AODA treatment provider reported Ms. Pieschel was making significant progress in group treatment. To be sure, all of the drug tests she submitted to Pretrial Services after that time were negative for the presence of controlled substances, but given the short amount of time before her reporting date and the birth of her child, this is hardly evidence that she has finally turned the corner on her addiction.

This case is hardly unusual in that the incarceration of a defendant parent is difficult for the defendant's family, especially the children. But being a parent is not a get-out-of-jail-free card. Indeed, to continue to commit serious crimes when one has young dependent children is itself a factor that further aggravates the crime. Parents who have much closer relationships with their children than Ms. Pieschel, who have actually lived with and cared for their children since birth, have been sentenced to longer terms of imprisonment for less serious crimes. And the vast majority of those defendants have nothing like the family and financial support that Ms. Pieschel enjoys. Her parents clearly have the financial wherewithal to hire the extra help they and Ms. Pieshel's sister may need to care for her children. Most defendants are not so fortunate.

In sum, Ms. Pieschel has failed to establish the extraordinary and compelling reasons that warrant her release at this time. Her medical needs are being met by the BOP and her family circumstances are not extraordinary or compelling, considering the history of her relationship with her children and the family and financial support she enjoys. Reducing her sentence would also be inconsistent with the sentencing factors listed in 18 U.S.C. § 3553(a). Despite several opportunities to turn her life around, including significant family support, Ms. Pieschel continued to sell dangerous and addictive drugs in her community, even after serving a state prison sentence

6

for the same behavior. She was given a sentence substantially below the sentence range under the guidelines. Granting her motion for release would depreciate the seriousness of the offense, undermine the deterrent effect of the sentence, and subject both the public and the defendant to the further risk that she would return to the same conduct the resulted in her imprisonment. Ms. Pieschel's motion for release (Dkt. No. 53) is therefore denied.

Dated at Green Bay, Wisconsin this   30th    day of October, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
